**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01909-JMB |
| | ) | |
| JEFFERSON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of his complaint, plaintiff states: "Application to proceed in District Court without prepaying fees or costs. I am at ERDCC [and I] only get $5.00 dollars a month[.]" (Docket No. 1 at 2). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2), claiming that he cannot get another statement because "they won[']t do their job." (Docket No. 1 at 2). Nevertheless, having reviewed the information provided by plaintiff, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the Court with a copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. At the time relevant to this complaint, however, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre,

Missouri.[2] Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming the Jefferson County Sheriff's Department, the Jefferson County Sheriff, and the Jefferson County Prosecuting Attorney's Office as defendants. (Docket No. 1 at 1). The Sheriff is sued in both an official and individual capacity.

In his "Statement of Claim," plaintiff asserts that he is a sovereign citizen of the State of Alaska, with a full name of Joseph Michael Devon Engel. He alleges that Jefferson County has given him "so many different name[s] and [aliases]" that he has "people stealing [his] identity." According to plaintiff, "this is wrong and they started it." As a result, plaintiff states that he has suffered identity theft, mental health issues, health issues, and "mind raping." He is seeking $5 trillion in damages, and "1,000,000 stocks" in a number of different countries. (Docket No. 1 at 2).

### Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, naming the Jefferson County Sheriff's Department, the Jefferson County Sheriff, and the Jefferson County Prosecuting Attorney's Office as defendants. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held at the ERDCC, a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

### A. Jefferson County Sheriff's Department

Plaintiff has named the Jefferson County Sheriff's Department as a defendant. However, the Jefferson County Sheriff's Department is a department of Jefferson County, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As such, the claim against the Jefferson County Sheriff's Department must be dismissed.

Even if Jefferson County was substituted as the proper party defendant, the claim would still be subject to dismissal. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an

extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Jefferson County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

    1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

    2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

    3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

In this case, plaintiff has not presented factual allegations sufficient to support the proposition that his constitutional rights were violated due to an unconstitutional policy, custom, or failure to train on the part of Jefferson County.

With regard to policy, plaintiff's allegations, such as they are, do not even hint at the existence of a Jefferson County "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [county's] governing body" as being at issue. More to the point, he has presented no facts showing that he was harmed due to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Indeed, plaintiff's vague contention that Jefferson County is somehow responsible for plaintiff's "identity theft" does not state a constitutional violation whatsoever, and certainly does not demonstrate that the purported violation stemmed from a county policy.

As to custom, plaintiff has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Jefferson County employees, much less that county policymaking officials were deliberately indifferent to or tacitly authorized such

misconduct. To the contrary, plaintiff's "Statement of Claim" does not contain even a single instance of constitutional misconduct. Thus, it follows that he has not demonstrated a persistent pattern.

Likewise, plaintiff has failed to show that his rights were violated due to Jefferson County's failure to train its employees, as he has not alleged a "pattern of similar constitutional violations by untrained employees." Rather, as noted above, he has not adequately stated any constitutional violation, and definitely not a pattern of them.

For the reasons discussed above, plaintiff has failed to present facts showing that his constitutional rights were violated by a Jefferson County policy, custom, or failure to train. Therefore, to the extent that Jefferson County can be substituted as the defendant for the Jefferson County Sheriff's Department, the claim against it must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B.  Official Capacity Claim Against Jefferson County Sheriff

Plaintiff has sued the Jefferson County Sheriff in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and

8

*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, the Jefferson County Sheriff is alleged to be employed by Jefferson County. As such, the official capacity claim against the Sheriff is actually a claim against Jefferson County itself, the Sheriff's employer. However, as discussed above, plaintiff has failed to state a claim against Jefferson County, because his facts do not establish that his constitutional rights were violated due to a county policy, custom, or failure to train. *See Marsh*, 902 F.3d at 751 (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

**C.  Individual Capacity Claim Against Jefferson County Sheriff**

Plaintiff has also sued the Jefferson County Sheriff in an individual capacity. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, there are no facts connecting the Jefferson County Sheriff with any deprivation of plaintiff's constitutional rights. Plaintiff's "Statement of Claim" does not even mention the

Sheriff, much less present the Court with any allegation showing that the Sheriff's action or inaction resulted in a constitutional violation. Indeed, aside from being identified as a defendant, the Sheriff does not appear anywhere else in the complaint. Simply naming a person as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations). For these reasons, the individual capacity claim against the Jefferson County Sheriff must be dismissed.

### D. Jefferson County Prosecuting Attorney's Office

Plaintiff has named the Jefferson County Prosecuting Attorney's Office as a defendant. As with Jefferson County, the Prosecuting Attorney's Office is only responsible for its own acts, and not vicariously liable for their employees' actions. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). To that end, the prosecuting attorney's office may be liable under 42 U.S.C. § 1983 "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Id*. (explaining that claim against district attorney's office must be analyzed as a municipal liability claim under *Monell*).

As discussed above, plaintiff failed to state a municipal liability claim against Jefferson County because he presented no facts supporting the proposition that the county had an unconstitutional policy or custom, or was deliberately indifferent in failing to train or supervise its employees. *See Mick*, 883 F.3d at 1079 (explaining that municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom,

10

or (3) a deliberately indifferent failure to train or supervise"). Likewise, plaintiff has failed to present any allegations regarding the Jefferson County Prosecuting Attorney's Office depriving him of his rights due to a policy, custom, or failure to train. Therefore, the claim against the Jefferson County Prosecuting Attorney's Office must be dismissed.

### E.  Motion for Appointment of Counsel

In the body of his complaint, plaintiff moves for the appointment of counsel. (Docket No. 1 at 2). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

11

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of March, 2021.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE